UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

RANDOLPH CARPENTER,

Petitioner: C.A. No. 06-222-L

CR. No. 02-03-L

v.

UNITED STATES OF AMERICA,

Respondent:

REPLY TO THE GOVERNMENT'S OBJECTION TO PETITIONER'S

28 UNITED STATES CODE, SECTION 2255

MOTION

Now comes, the Petitioner, Randolph Carpenter, pro-se (Hereinafter, "Petitioner") and hereby respectfully submits the instant Reply to the Government's Objection to Petitioner's 28 U.S.C. § 2255 Motion. In support thereof, it is stated:

In Petitioner's § 2255 motion he raised three claims: **First**, that this Court should recuse itself because of personal bias against Petitioner; **second,** counsel was ineffective because he refused to let Petitioner testify at his trial; and **three**, counsel was ineffective for failing to use defense of intoxication.

A. Recusal Motion

The statements made by this Court concerning Petitioner's change of Plea Motion [to vacate the Plea], call into question the Court's impartiality and ability to conduct a fair sentencing hearing and to properly advise the Petitioner of his statutory right to testify under

Title 18, United States Code, Section 3481.

This Court's only statements to Petitioner concerning his right to testify were as follows:

> "I want [Petitioner] to understand that if he's got a chance of acquittal in this case, it is probable that he's going to have to take the witness stand and testify."
>
> "So he is running the risk [...] of having two points added for obstruction of justice."

These statements placed Petitioner in a "Catch-22 situation." The Court's suggesting [that] his only chance of acquittal is to take the [witness] stand, while also threatening Petitioner with an enhanced sentence if he testifies. That is, the judicial statements did present coercise pressures and interfered substantially with Petitioner's free and unhampered choice to testify and supports the reason why counsel did not call Petitioner to the [witness] stand.

B. Ineffective Assistance of Counsel

Counsel's actions in not permitting Petitioner and opportunity to testify affected fairness of trial process itself, and warrants a new trial. **United States v. Butts, 630 F.Supp. 1145 (D. Ma. 1986)** ("...a defendant's right to testify in criminal proceeding against him is so basic to fair trial that its infraction can never be treated as harmless error"). **Id.**

Given this Court's statement: "I want him to understand that if he's got a chance of acquittal in this case, it is probable that he's going to have to take the witness stand and testify."1/ It is and was unmistakenly, undisputed, and obvious that Petitioner's testimony

1/ This statement can also be seen as an instruction to Petitioner's counsel to inform him to advise Petitioner of his right to testify at the trial.

would have been highly relevant, significant and would have enhanced Petitioner's defense. Apart from what Petitioner would have testified to, his presence on the stand would have afforded him to have the jury observe his demeanor and judge his veracity first-hand.

In sum, this Court holds that the interest of justice requires that a defendant, who was deprived by his counsel of his opportunity to testify at his trial, be afforded a new trial. **Butts**, **supra**., at 1149.

C. Evidentiary Hearing

An evidentiary hearing is necessary and would be useful to the Court. Because, failure to inform a defendant of the right to testify constitutes structural error that is per se prejudicial. **Owens v. United States**, 236 F.Supp.2d 122, 143 (D. Mass. 2002).

The First Circuit has held that Petitioner bears the burden of establishing that he is entitled to a hearing by a preponderance of the evidence before the district court. **Myatt v. United States**, 875 F.2d 8, 11 (1st Cir. 1989). To dismiss a Section 2255 motion without a hearing, the allegations set-forth by the Petitioner "must be accepted as true except to the extent they are contradicted by the record, inherently incredible or conclusions rather than statements of facts." **United States v. Mosquera**, 845 F.2d 1122, 1124 (1st Cir. 1988). A hearing is not necessary before dismissal if the motion is conclusively refuted as to the alleged facts by the files and records of the case." **Myatt**, 875 F.2d at 11.

Here Petitioner presented a sufficient proffer to establish that he was not advised of his right to testify. Petitioner presents his own assertions supported by the records, contained in the § 2255 motion and signed under oath. On the otherhand, in response to his claims trial counsel, Mr. Edward Manning, Esquire, (in a letter, not under oath) denies that Petitioner was uninformed of his right to testify. ("...both Judge Lagueux and I, as his counsel worked with [Petitioner] on the record to assure that he understood the elements of the plea agreement and the rights that he was waiving, including the right to testify." (See, Government's Exhibit "A"). Citing only from Petitioner's Memorandum of Law in Support of the § 2255 Motion, ("I want him to understand that if he's got a chance of acquittal in this case it is probable that he's going to have to take the witness stand and testify"). According to Mr. Manning, this statement "clearly illustrates that [Petitioner] was notified of his right to testify" (Exhibit "A").

Again, at the hearing on Petitioner's motion to vacate his plea, the Court said the following in relevant part:

> "I want [y]our [c]lient to understand [...] that if he's got a chance of acquittal in this case, it is probable that he's going to have to take the witness stand and testify."

This statement by the Court has been misunderstood or taken out of context, by Mr. Manning. That is, this statement clearly illustrates the Court's instruction to counsel as to his duty to inform the accused of his right to testify. **Poe v. United States, 233 F.Supp. 173 (1965).** Viewing the statement above in isolation, apart from the other statements made by the judge during the hearing to vacate plea, the use of the words "I want your client to understand" reflect that counsel was being given notice, not Petitioner.

## Conclusion

Based on all of the foregoing, the Petitioner is respectfully requesting that this Honorable Court grant an Evidentiary Hearing where he can prove his case. Because, applying the authority mentioned above to the facts of this case, the record clearly and convincingly demonstrate that Petitioner is entitled to relief under his § 2255 motion.

Respectfully submitted,

RANDOLPH CARPENTER, PRO-SE

# CERTIFICATE OF SERVICE

I, Randolph Carpenter, pro-se, hereby certify that I have served a true and correct copy of the foregoing:

"Reply To The Government's Objection To § 2255 Motion"

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

**Dulce Donovan**
**United States Attorney's Office**
**Fleet Center**
**50 Kennedy Plaza-8th Floor**
**Providence, Rhode Island 20903**

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 5th day of July, 2006

Respectfully Submitted,

[signature]
RANDOLPH CARPENTER

REG. NO. 05127-070